

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JORGE LUIS REYES, SR., )
 )
 Petitioner, )
 )
v. ) Civil Action No. 3:09CV23-HEH
 )
LORETTA K. KELLY, )
 )
 Respondent. )

## MEMORANDUM OPINION
(Denying Motion To Dismiss)

Jorge Luis Reyes, Sr., ("Petitioner"), a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions in the Circuit Court of Henrico County ("the Circuit Court") for murder and use of a firearm in the commission of that offense. Petitioner contends that he is entitled to relief upon the following grounds:

| | |
|---|---|
| Claim I | The Circuit Court erred in granting an instruction on flight. |
| Claim II | Petitioner was denied his federal and state constitutional rights because:<br>A. The Circuit Court erred in denying Petitioner the right to present evidence; and,<br>B. Petitioner was denied a jury of his peers. |
| Claim III | The Circuit Court erred in admitting evidence of Petitioner's prior handling of firearms. |
| Claim IV | The Circuit Court erred in admitting the state of mind declarations of the victim. |
| Claim V | The prosecutor engaged in misconduct during closing argument. |
| Claim VI | Petitioner was denied the effective assistance of counsel because:<br>A. Counsel failed to challenge the credibility of the police witnesses;<br>B. Counsel failed to obtain the presence of a key witness; |

      C.      Counsel failed to move for a continuance;
      D.      Counsel failed to subpoena statements of witnesses made to the police;
      E.      Counsel failed to object to references in the prosecutor's closing argument to evidence that was not presented at trial; and,
      F.      Counsel failed to offer a proper instruction on involuntary intoxication.

Respondent has moved to dismiss on the grounds that Claims II(B) and V are procedurally defaulted and that the remaining claims lack merit.

## I. EXHAUSTION AND PROCEDURAL DEFAULT

Because it appears that Petitioner has failed to comply with the exhaustion requirement for many of his claims, it is appropriate to discuss that requirement prior to turning to the procedural history of the present claims. The purpose of the exhaustion is to "give the State the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two distinct but related requirements. First, a petitioner must utilize all "available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997)).[1] The second aspect of exhaustion, which is the primary concern in the present case, requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v.*

---

[1] Under this aspect of exhaustion, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

*Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "both the operative facts and the controlling legal principles must be presented to the state court." *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (quoting *Matthews*, 105 F.3d at 911); *see Gray v. Netherland*, 99 F.3d 158, 162-64 (4th Cir. 1996). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Baker*, 220 F.3d at 289 (citing *Duncan*, 513 U.S. at 366).

Furthermore, where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that he properly presented his claim to the state courts in accordance "with the state's chosen procedural scheme." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994). Virginia's chosen procedural scheme requires prisoners seeking habeas relief to utilize a standard form prescribed by statute. *See* Va. Code § 8.01-655. The "form is divided into sections, each of which contains simple prompts directing the prisoner to provide the basic information necessary to review his conviction." *Mallory*, 27 F.3d at 992. The failure to properly complete the form with respect to a particular claim may preclude a finding that the inmate fairly presented the claim to the Virginia courts. *Id.* at 995-96. For example, in *Mallory*, although the inmate asserted that appellate counsel was ineffective in various parts of his submissions, the inmate had failed to list such a claim in the appropriate space on the statutorily prescribed form for setting forth the grounds for relief. *Id.* The United States Court of Appeals for the Fourth Circuit concluded that in light of that omission, the petitioner had not fairly presented his claim of ineffective assistance of appellate counsel to the Supreme Court of Virginia. *Id.*

Generally, federal habeas petitions that contain unexhausted claims may be dismissed without prejudice so that the petitioner can present unexhausted claims to the state courts.

3

*Townes v. Murray*, 68 F.3d 840, 846 (4th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). Nevertheless, where a claim "has not been presented to the highest state court" the federal habeas court may treat the claim "as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner [now] attempted to present it to the state court." *Baker*, 220 F.3d at 288 (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)). Furthermore, if "'the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for'" denying review of the claim, then the claim will be barred as a basis for federal habeas relief. *Id.* (quoting *Gray*, 518 U.S. at 162). With these principles in mind, the Court turns to Petitioner's efforts to exhaust his claims in the Virginia courts.

## II. PROCEDURAL HISTORY

On direct appeal to the Supreme Court of Virginia, Petitioner raised versions of Claims I, III, and IV that relied upon the same underlying facts. The claims that Petitioner raised on direct appeal, however, merely asserted error under state law. Petitioner did not contend that the Circuit Court's actions violated Petitioner's rights under the federal constitution.

In his petition for a writ of habeas corpus filed with the Supreme Court of Virginia, Petitioner advanced claims for habeas relief largely identical to those pressed in his federal habeas petition. Specifically, Petitioner asserted he was entitled to relief upon the following grounds:

    a.    The trial court erred in admitting jury instruction on flight and in admitting the jury instruction as drafted.

    b.    The trial court erred by denying Reyes the rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Article I, § 8 of the Virginia Constitution. [1] Reyes was denied the opportunity to present evidence material to his case. [2] Moreover, Reyes,

4

      who is Latino, was denied Due Process and Equal Protection because the jury excluded his peers, and therefore, could have been racially biased.

c.    The trial court erred in admitting testimony regarding Reye's prior handling of firearms, as it was not relevant and was highly prejudicial.

d.    The trial court erred in admitting state of mind declarations by the decedent, as they were irrelevant and highly prejudicial to the accused.

e.    Misconduct by Prosecutor during closing argument: evidence of hearsay and other crimes or wrongful acts was presented that was irrelevant to the case.

f.    Ineffective assistance by trial counselor.

(Respt.'s Mem. in Supp. of Mot. to Dismiss Ex. G ¶ 14, hereinafter "State Habeas Pet.") On the statutorily prescribed form, Petitioner represented that state habeas claims (a), (b)(1), (c), and (d) were identical to the claims that he had pressed on direct appeal. (State Habeas Pet. ¶ 15.) Petitioner further acknowledged that he had not raised claims (b)(2), (e), and (f) on direct appeal. (State Habeas Pet. ¶ 16.) On December 4, 2008, the Supreme Court of Virginia dismissed the petition. The Supreme Court of Virginia dismissed state habeas claims (a) through (e) on the grounds that they "are barred because these issues were raised and decided in the trial court and on direct appeal from the criminal conviction, and therefore, they cannot be raised in a habeas corpus petition. *Reyes v. Warden, Sussex I State Prison*, No. 081267, 2 (Va. Dec. 4, 2008) (hereinafter "State Habeas Op.") (citing *Henry v. Warden, Riverside Reg'l Jail*, 576 S.E.2d 495, 496 (Va. 2003)). The Supreme Court of Virginia dismissed claim (f), including all of its subparts, on the merits. Thereafter, Petitioner filed his present federal petition for a writ of habeas corpus.

5

## III. CLAIMS ASSERTING ERROR BY THE CIRCUIT COURT

In order to obtain federal relief, an inmate must demonstrate that his rights under the Constitution, law, or treaties of the United States were violated. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, Respondent correctly notes that Petitioner's assertions that the Circuit Court violated state law with respect to Claims I, III, and IV do not state a proper basis for federal habeas relief. *Id.* Petitioner, however, contends that all of his claims are based upon the United States Constitution. (Petr.'s Reply IX (Docket No. 11).) Respondent has not addressed Petitioner's assertions that he has raised constitutional challenges with respect to these claims. Nevertheless, it is doubtful that the federal constitutional aspects of Claim I, III, and IV have been fairly presented to the state courts in accordance with Virginia's "chosen procedural scheme." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994). As noted previously, *see supra* Part II, on direct appeal Claims I, III, and IV were presented as violations of state law. Although Petitioner raised these claims again on state habeas, he represented that these were the same claims that the had been raised on direct appeal. (State Habeas Pet. ¶ 15.) Understandably, the Supreme Court of Virginia rejected these claims on the ground that they had previously been decided on direct appeal.

In light of the foregoing information on the statutorily prescribed form, it is unlikely that any reference to the federal nature of Claims I, III, and IV in Petitioner's accompanying submissions to the Supreme Court of Virginia on state habeas would suffice to fairly present the constitutional aspects of these claims. *See Mallory*, 27 F.3d at 996 (emphasizing that exhaustion requires a petitioner to properly complete the standardized form). The Fourth Circuit has observed that the form Petitioner was required to complete "was a simple one." *Id.* Virginia

6

courts utilize the form to expeditiously "channel claims through their systems, an issue of no small significance in an era when courts at all levels face heavy caseload burdens. The state courts are familiar with those procedures and expect that all litigants will follow them." *Id.* Permitting review of the federal constitutional aspects of Claims I, III, and IV, under the present circumstances, would inappropriately "signal[ ] litigants that they may ignore state procedures and still expect the federal courts to hear [their] claims." *Id.* Therefore, the parties will be directed to provide further briefing on the issues of exhaustion and procedural default with respect to these claims. *See infra* Part VI.

In Claim II(A), Petitioner asserts that the Circuit Court violated "the Sixth and Fourteenth Amendments to the United States Constitution and by Article I, § 8 of the Virginia Constitution" when he was "denied his right to present evidence material to his case." (§ 2254 Pet. 8.) Respondent again asserts that this claim should be dismissed as it "is a matter of state law alone." (Respt.'s Mem. in Supp. Mot. to Dismiss ¶9.) That statement is not accurate. Petitioner clearly presses a constitutional claim. While the federal constitutional claim may lack merit, the Court cannot dispense with the federal constitutional aspects by simply refusing to acknowledge them.

Once again, it appears that Petitioner did not properly present in state court the federal constitutional aspects of the claim he presses here. When Petitioner sought to press the constitutional aspects of this claim on direct appeal, the Virginia Court of Appeals refused to entertain the same. *Reyes v. Commonwealth*, No. 1660-05-2, 6-7 (Va. Ct. App. May 3, 2006). That court noted that, at trial, Petitioner "objected to the rulings on evidentiary grounds, not on the constitutional grounds he raises on appeal." *Id.* at 7. Thus, it appears that the constitutional

aspects of Claim II(A) are procedurally defaulted. The parties will be directed to provide further briefing with respect to the issues of exhaustion and procedural default. *See infra* Part VI.

Respondent requests the Court to dismiss Claims II(B) and V on the grounds that they "were dismissed in the [state] habeas proceeding under *Slayton v. Parrigan*, 215 Va. 27, 305 S.E.2d 680 (1974)." (Respt.'s Mem. in Supp. Mot. to Dismiss ¶ 5.) This is simply incorrect. According to the record provided to this Court, the Supreme Court of Virginia refused to review these claims on habeas because of the rule in *Henry v. Warden, Riverside Reg'l Jail*, 576 S.E.2d 495, 496 (Va. 2003). (State Habeas Op. 2.) Respondent does not suggest the rule in *Henry v. Warden* constitutes an adequate and independent procedural bar as applied here. Accordingly, Respondent's motion to dismiss claims II(B) and V will be denied without prejudice.

### IV. THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, this Court's warrant to grant relief by way of a writ of habeas corpus is circumscribed by 28 U.S.C. § 2254(d) and § 2254(e)(1). Section 2254(e)(1) provides that, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>    (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). The Supreme Court has emphasized "that whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (citations omitted). In light of the foregoing statutory structure, the Supreme Court of Virginia's disposition of Petitioner's claims and the record before that court are central to the resolution of whether Petitioner is entitled to federal habeas relief.

## V. ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL

In his petition for a writ of habeas corpus filed with the Supreme Court of Virginia, Petitioner offered limited factual support for his claims of ineffective assistance of counsel and the Supreme Court of Virginia dispensed with many of the claims for that reason. In his federal habeas corpus petition, Petitioner has greatly expanded the factual support for his ineffective assistance of counsel claims beyond that set forth in his state habeas petition. The Court agrees with Respondent that, generally, the exhaustion requirement and the limits on federal habeas relief embodied in 28 U.S.C. § 2254(d) confine this Court's consideration of claims to the record before the state court. *See Holland v. Jackson*, 542 U.S. 649, 652 (2004); *Wise v. Warden, Md. Penitentiary*, 839 F.2d 1030, 1034 (4th Cir. 1988) (concluding petitioner had not exhausted habeas claim, where he presented new facts in federal court to support the claim). The difficulty

9

here is that the Court is uncertain what evidence or allegations were properly before the Supreme Court of Virginia on habeas review.

Respondent has not produced the original record of the state habeas proceedings. Respondent's submissions suggest that the state habeas record was limited to Petitioner's state petition for a writ of habeas corpus and Respondent's motion to dismiss. Nevertheless, attached to Petitioner's federal habeas petition is a copy of a reply brief (hereinafter "the Reply Brief") that apparently was filed in the Supreme Court of Virginia in response to Respondent's motion to dismiss. (§ 2254 Pet., Reply Brief.) It appears that at least one exhibit was attached to the Reply Brief. Petitioner's Reply Brief and some of the exhibits submitted to this Court ameliorate many of the factual deficiencies of Petitioner's claims of ineffective assistance of counsel noted by the Supreme Court of Virginia. It is unclear whether Petitioner's Reply Brief, or any other documents were properly placed before the Supreme Court of Virginia. *See* Va. Sup. Ct. R. 5:7. "Supreme Court of Virginia Rule 5:7 specifies the pleadings permitted in an original jurisdiction habeas corpus case: a verified petition and a responsive pleading. A memorandum of law may be filed *along with* either of these pleadings. Absent court authorization, no other documents may be filed." *Strong v. Johnson*, 495 F.3d 134, 139 (4th Cir. 2007) (citing Va. Sup. Ct. R.5:7 and Virginia cases interpreting that rule). There is, however, no indication that Petitioner sought authorization to file additional documents with the Supreme Court of Virginia.

In light of the uncertainty of the record before the Supreme Court of Virginia, dispositive review of Petitioner's claims of ineffective assistance is inappropriate at this time. Accordingly, the motion to dismiss Claims VI(A) through VI(F) will be denied without prejudice. The parties will be directed to submit further briefing as set forth below.

## VI. ADDITIONAL BRIEFING

The parties will be directed to submit additional briefing as follows:

1. Within twenty (20) days of the date of entry hereof, Petitioner must explain how he properly exhausted the federal constitutional aspects of Claims I, II(A), III, and IV.

2. Within thirty-five (35) days of the date of entry hereof, Respondent shall:

   a. Brief whether Petitioner has properly exhausted the federal constitutional aspects of Claims I, II(A), III, and IV. Such brief shall address the impact of Petitioner's state petition for a writ of habeas corpus with respect to the foregoing claims;

   b. Address the merits of Claims II(B) and V;

   c. Produce the complete record of Petitioner's state habeas proceeding;

   d. Brief what submissions were properly placed before the Supreme Court of Virginia for habeas review. Respondent shall also address whether any of Petitioner's new evidence or submissions may be considered in evaluating his claims for federal habeas relief; and,

   e. Submit any further authority in support of her position that Petitioner's claims must be dismissed.

3. Should Petitioner wish to file a reply to any response filed by Respondent, he must file such reply within fifty-five (55) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sep. 25 2009
Richmond, Virginia